[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE (#103)
Presently before the court is plaintiff's motion to strike defendants' apportionment complaint.
On January 18, 2001, the plaintiff, Sandra Pue, filed a two count complaint against the defendants, Empire Property Management Corporation (Empire) and Parkside Condominium Association (Parkside) alleging the following facts. On January 16, 1999, plaintiff was walking in the parking lot at 1730 State Street in Hamden, Connecticut, when she fell. In count one, plaintiff alleges that Empire owned, controlled, possessed, managed or maintained the parking lot and that she fell due to Empire's negligence in clearing the parking lot of snow and ice. In count two, plaintiff alleges that Parkside owned, controlled, possessed, managed or maintained the lot and that she fell due to Parkside's negligence in clearing the parking lot of snow and ice.
On June 19, 2001, Empire and Parkside filed a one count apportionment complaint against Donald Hahn, d/b/a Donald Hahn Landscaping (Hahn), alleging the following facts. At the time plaintiff allegedly slipped and fell, Hahn was under contract with Empire and Parkside to remove snow from the premises. Empire and Parkside further allege that, to the extent that plaintiff recovers damages in her complaint against them, Hahn is liable for a proportionate share of such damages pursuant to General Statutes § 52-572h.
On June 8, 2001, plaintiff moved to strike the apportionment complaint because the defendants attempt to apportion a nondelegable duty, which is not permitted.[1] The motion is accompanied by a supporting memorandum of law. On July 5, 2001, Empire and Parkside filed their objection to the motion and supporting memorandum. Plaintiff filed a supplemental memorandum in support of her motion with the court on July 9, 2001. The court heard oral argument on the motion on July 9, 2001.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270 (1998). Plaintiff moves to strike the apportionment complaint against Hahn because Empire and Parkside are attempting to apportion a nondelegable duty. In their memorandum Empire and Parkside argue that the apportionment complaint sufficiently alleges a claim of negligence against Hahn. In her supplemental memorandum in support of her motion, plaintiff argues that a recently decided Supreme Court case prevents a snow plow CT Page 11229 contractor from being brought in the case for apportionment purposes by the party with the nondelegable duty.
The nondelegable duty doctrine involves "[a] possessor of land who . . . is under a duty to maintain in a reasonably safe condition the part retained by him, and who entrusts the repair of such part to an independent contractor, is subject to the same liability to the lessee, and to others . . . for physical harm caused by the negligence of the contractor in failing to maintain such part of the land in [a] reasonably safe condition." Restatement (Second) Torts § 421 (1995). "Both the Appellate Court and courts of other jurisdictions have held that the nondelegable duty doctrine means that a party may contract out theperformance of a nondelegable duty, but may not contract out his ultimate legal responsibility." (Emphasis in original.) Gazo v. City of Stamford,255 Conn. 245, 255, 765 A.2d 505 (2001).
In the apportionment complaint, Empire and Parkside allege that Hahn contractually undertook the responsibility of making the premises safe and free of snow and ice and that any injuries plaintiff sustained from the slip and fall were caused by Hahn's negligent performance of the contract. The nondelegable duty doctrine prevents Empire and Parkside, however, from avoiding liability for Hahn's alleged negligent performance of its duties under the contract. "Under the general rule, an employer is not liable for the negligence of its independent contractors. . . . One exception to this general rule, however, is that the owner or occupier of premises owes invitees a nondelegable duty to exercise ordinary care for the safety of such persons. . . . Nondelegable duties create a form of vicarious liability. . . . In vicarious liability situations, the law has . . . broaden[ed] the liability for that fault by imposing it upon an additional, albeit innocent, defendant . . . namely, the party that has the nondelegable duty." (Citations omitted; internal quotation marks omitted.) Id., 256.
Empire and Parkside seek to apportion with Hahn any damages plaintiff recovers, as is allowed under General Statutes § 52-572h.[2] The statute "proceeds on the premise that the defendants between or among any of whom liability is apportioned, are at least potentially liable in differing proportions. It does not apply, therefore, to a case of vicarious liability of one defendant for the conduct of another." Id., 258.
Empire and Parkside do not seek indemnification or contribution from Hahn, so those issues are not before the court in this motion. Rather, Empire and Parkside seek apportionment of liability, which liability is nondelegable in the case of an owner or possessor of property. Id., 256. Because Empire and/or Parkside's liability cannot be apportioned between CT Page 11230 Empire or Parkside and Hahn; Gazo v. City of Stamford, supra,255 Conn. 258; the apportionment complaint should be stricken.
Accordingly, the plaintiff's motion to strike the defendants' apportionment complaint is granted.
Ronald J. Fracasse Judge of the Superior court